IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| DONALD SMITH, | Civil Action No. 2:24-CV-1765-NBF-CBB |
| Plaintiff, | Senior United States District Judge Nora Barry Fischer |
| vs. | |
| GIANT EAGLE, INC., | United States Magistrate Judge Christopher B. Brown |
| Defendant, | |

**REPORT AND RECOMMENDATION
ON MOTION TO DISMISS ECF NO. 14**[1]

**Christopher B. Brown, United States Magistrate Judge**

**I.     Recommendation**

Plaintiff Donald Smith brings this civil action against his former employer Giant Eagle, Inc., d/b/a OK Grocery ("Giant Eagle") alleging Giant Eagle violated his rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*, ("FMLA") after it terminated him for missing work to care for his teenage son after his son's mother was hospitalized.  ECF No. 13.  Smith brings claims against Giant Eagle for FMLA interference and retaliation.[2]  *Id.* at ¶¶ 58-80.  This court has subject matter jurisdiction under 28 U.S.C. § 1331.

---

[1]    This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

[2]    At Count I, Smith also brought claims against Giant Eagle for association discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963.  ECF No. 13 at ¶¶ 43-57.  In his Opposition, Smith withdraws his claim against Giant Eagle under Count I.  ECF No. 18 at 10-11.  Accordingly, the Court does not address Count I further.

Pending before the Court is Giant Eagle's Motion to Dismiss Smith's Amended Complaint for failure to state a claim.  ECF No. 14.  The Motion is fully briefed and ripe for consideration.  ECF Nos. 14-15, 18-19.

For the following reasons, it is respectfully recommended that Giant Eagle's Motion to Dismiss be GRANTED as to Smith's remaining claims, namely FMLA interference and retaliation.  It is also respectfully recommended that Smith be given leave to amend his complaint to correct the deficiencies in pleading an FMLA-qualifying reason for leave, should he be able to do so in good faith.

II.   Report

   a. **Factual Background**

The following allegations in the Amended Complaint are accepted as true with all reasonable inferences drawn in the light most favorable to Smith.  *See Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 237 (3d Cir. 2008).

Plaintiff Smith worked at Giant Eagle as a Warehouse Selector from November 21, 2021 – August 30, 2023.  ECF No. 13 at ¶¶ 10, 34.

In July 2023, the mother of Smith's son was hospitalized with a serious medical and psychological condition leaving her unable to care for her teenage son.  *Id.* at ¶¶ 12-13, 15.  Smith describes the mother as his "co-parent and partner in raising their son."  *Id.* at ¶ 18.  Smith called off work on July 23, 2023 to care for his son during the mother's hospitalization.  *Id.* at ¶¶ 12, 14.  Smith's son was fourteen years old and was "emotionally distressed and temporarily incapable of self-care during the sudden loss of his primary caregiver due to the unexpected emergency."  *Id.* at ¶ 15.  Smith alleges his presence provided his son with emotional and

psychological support to stabilize him during the crisis and allowed the mother to focus on her recovery without worrying about her son. *Id.* at ¶¶ 16-17.

Smith told Giant Eagle's Building Supervisor Dean Kohanyi about the hospitalization and his concern he would be disciplined for his absences. *Id.* at ¶ 22. Kohanyi assured Smith that Giant Eagle would not discipline him for missing work to care for his son. *Id.* at ¶ 23. Smith alleges he relied on Kohanyi's assurances and did not make other arrangements for childcare, and reasonably believed he could return to work. *Id.* at ¶ 25. Smith alleges he would have benefited from intermittent FMLA leave during this period, but Giant Eagle did not investigate his FMLA eligibility, provide him with FMLA paperwork, nor offer him protected leave. *Id.* at ¶¶ 19, 40.

Giant Eagle's policy grants paid vacation days, unpaid personal days, and ten unpaid call-off days. *Id.* at ¶ 20. At the time the child's mother was hospitalized, Smith had accumulated nine unpaid call-off days. *Id.* at ¶ 21. She remained in the hospital for two weeks which caused Smith to exhaust his paid time off as well as take an additional two unpaid call-off days to care for his son. *Id.* at ¶ 26. By doing so it put him at eleven absences – or one day over Giant Eagle's ten-day policy. *Id.* at ¶¶ 26-27.

On August 15, 2023, Giant Eagle removed Smith from the work schedule. *Id.* at ¶ 28. On August 22, 2023, Smith attended a meeting with the Union President and two supervisors from Giant Eagle, where he mentioned that his supervisor, Kohanyi, had assured him he would not be disciplined for his absences. *Id.* at ¶¶

3

29, 32. Smith also planned to ask about FMLA leave to cover his absences, but he alleges prior to the meeting, someone instructed him not to discuss FMLA leave. *Id.* at ¶¶ 30, 39. The Amended Complaint does not say who told him not to discuss FMLA leave. *Id.*

Giant Eagle terminated Smith on August 30, 2023, citing the eleven absences as the reason for his termination. *Id.* at ¶ 34.

### b. Standard of Review - Motion to Dismiss for Failure to State a Claim (Fed. R. Civ. P. 12(b)(6))

A Fed. R. Civ. P. 12(b)(6) motion challenges whether the complaint states an actual claim. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and can be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A defendant has the burden to show a complaint fails to state a claim. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must be dismissed if it merely alleges entitlement to relief without supporting facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). The court need not accept as

4

true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), nor a plaintiff's "bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims – not if they will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds).

### c. Discussion

Smith brings FMLA interference (Count II) and retaliation (Count III) claims against Giant Eagle. ECF No. 13 at ¶¶ 58-80. In sum, he alleges Giant Eagle denied him FMLA leave and terminated him in retaliation. *Id.*

As set forth in detail below, the Amended Complaint does not adequately allege the threshold, common element of FMLA interference and retaliation claims – that Smith was entitled to FMLA leave. *See Snyder v. Concordia Priv. Care*, No. 2:20-CV-01478, 2021 WL 3493512, at *3 (W.D. Pa. July 8, 2021), *report and recommendation adopted*, No. 2:20-CV-01478, 2021 WL 3492974 (W.D. Pa. Aug. 9, 2021). Because Smith does not adequately allege he was entitled to FMLA-qualifying leave, it is respectfully recommended that Giant Eagle's Motion to Dismiss his FMLA interference and retaliation claims be granted.

### i. FMLA Interference

There are two types of FMLA interference claims: denial of benefits claims and failure to advise claims. *Conway v. ConnectOne Bank*, No. 21-1141, 2022 WL 1024616, at *3 (3d Cir. Apr. 6, 2022). Smith brings both types of interference claims against Giant Eagle in Count II, alleging Giant Eagle interfered with his rights

under the FMLA by (1) failing to offer him FMLA leave; and (2) failing to investigate his eligibility and provide him with FMLA paperwork.  ECF No. 13 at ¶¶ 40-41, 66-67.  These are discussed in turn.

### 1. FMLA Interference – Denial of Benefits

Smith alleges Giant Eagle interfered with his rights by denying him FMLA leave to care for his son while his son's mother was hospitalized.  ECF No. 13 at ¶¶ 66-70.[3]

To bring an FMLA interference claim based on the denial of benefits, an employee must show: "(1) he was an eligible employee under the FMLA; (2) his employer was subject to the FMLA's requirements; (3) he was entitled to FMLA leave; (4) he gave notice to [his] employer of her intention to take FMLA leave; and (5) he was denied benefits to which [he] was entitled under the FMLA."  *Soutner v. Penn State Health*, 841 F. App'x 409, 413 (3d Cir. 2021) (citing *Ross v. Gilhuly*, 755 F.3d 185, 191-92 (3d Cir. 2014)).

Giant Eagle does not dispute that Smith was an eligible employee or that it was subject to the FMLA's requirements under prongs one and two.  ECF No. 15 at 5.  Giant Eagle, however, argues Smith cannot satisfy the remaining three prongs

---

[3] Smith also alleges Giant Eagle interfered with his FMLA leave and retaliated against him by instructing him to remain silent about FMLA during the August 23, 2023 meeting with the supervisors and union president.  ECF No. 13 at ¶¶ 30, 68.  Smith elaborates further in his Opposition, and argues a representative from Giant Eagle told Smith not to ask about FMLA leave in the August 23, 2023 meeting.  ECF No. 18 at 8-9.  However, as Giant Eagle points out, ECF No. 19 at 4-5, the Amended Complaint does not allege who told him not to discuss FMLA leave and does not allege the person was from Giant Eagle.  *See* ECF No. 13 at ¶ 30 ("Mr. Smith intended to inquire about using FMLA leave to remedy his absences, but was specifically instructed not to discuss the FMLA prior to the meeting"); *Id.* at ¶ 68 ("Further, when Mr. Smith attended the union meeting to discuss his termination, he was instructed to not discuss his need for FMLA leave").  Regardless, as Smith's FMLA interference and retaliation claims otherwise fail at the outset because he has not alleged an FMLA-qualifying reason for leave, the Court need not address this further.

because he was not entitled to FMLA leave in the first instance. *Id*. Giant Eagle is correct.

As stated above, a key element of an interference claim is the employee was entitled to FMLA leave. *Sarnowski v. Air Brooke Limousine, Inc.*, 510 F.3d 398, 401 (3d Cir. 2007) ("In order to assert a claim of interference, an employee must show that he was entitled to benefits under the FMLA") (citing *Callison v. City of Philadelphia*, 430 F.3d 117, 119 (3d Cir. 2005)). *See also Blake v. Alstom Transportation Inc.*, 20-13603, 2022 WL 17250561, at *3 (D.N.J. Nov. 28, 2022) ("Plaintiff must show that he was entitled to FMLA-qualifying leave") (citing *Rhoads v. F.D.I.C.*, 257 F.3d 373, 384 (4th Cir. 2001) ("[T]he district court correctly required [plaintiff] to prove that she was afflicted with an FMLA-qualifying condition, because otherwise she did not have any right under the Act with which her employer could have interfered.")); *Rynders v. Williams*, 650 F.3d 1188, 1195 (8th Cir. 2011) ("FMLA benefits are contingent upon the employee having "a serious health condition.").

The FMLA allows eligible employees to take leave in five circumstances:

> (A) the birth and care of the employee's newborn child;
> (B) the placement and care of a child following adoption or foster care assignment;
> (C) to care for an employee's spouse, child, or parent who has a serious health condition;
> (D) due to an employee's own serious health condition; or
> (E) due to a "qualifying exigency" related to military service of the

employee's spouse, child, or parent.

29 U.S.C. § 2612(a)(1).

The FMLA defines a "serious health condition" as "illness, injury, impairment, or physical or mental condition" involving either "(a) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a healthcare provider." 29 U.S.C.A. § 2611(11)(A)-(B).  The definition of a serious health condition "is broad and intended to cover various types of physical and mental conditions."  *Bonkowski v. Oberg Indus., Inc.*, 787 F.3d 190 (3d Cir. 2015).

In the Amended Complaint Smith alleges he invoked his right to FMLA when he called off work due to his son's mother's serious health condition and his need to care for his child in her absence.  ECF No. 13 at ¶ 66.  Smith alleges he needed FMLA leave to care for his son who was "emotionally distressed and temporarily incapable of self-care" due to the emergency related to his son's mother.  *Id.* at ¶¶ 13-18.  He also alleges providing childcare for his son helped the mother recover because she was able to focus on her health.  *Id.* at ¶ 17.  Notably, as alleged, neither the hospitalization of the son's mother, nor childcare for the son are qualifying circumstances covered under the FMLA.

First, while the Amended Complaint adequately alleges that the son's mother had a serious health condition because she was hospitalized for two weeks, 29 U.S.C.A. § 2611(11)(A), Smith does not allege that he and his son's mother were married.  This is relevant as it pertains to a serious medical injury of someone other than the employee, and the FMLA only allows leave for when the employee's spouse, child, or parent is the person with the injury.  29 U.S.C. § 2612(a)(1).  The

8

FMLA defines "spouse" to mean "a husband or wife, as the case may be" but does not include within its scope the mother of one's child. 29 U.S.C.A. § 2611(13). *See also Henson v. U.S. Foodservice, Inc.,* 588 F. App'x 121, 125 (3d Cir. 2014) ("The FMLA grants certain employees the right to take up to 12 weeks off during a 12–month period in order to care for the spouse . . . of the employee, if such spouse . . . has a serious health condition"). The Amended Complaint exclusively refers to her as the "mother of Mr. Smith's son" and "co-parent and partner in raising their son," and does not mention any type of partnership or marriage. ECF No. 13 at ¶¶ 13, 18. As the Amended Complaint does not allege Smith and the mother of his son were spouses, his right to FMLA leave cannot be predicated on her serious medical condition. *See also Duncan v. Kearfott Corp.,* No. CV 22-5740, 2025 WL 1752322, at *4 (D.N.J. June 25, 2025) (dismissing FMLA claims at summary judgment stage because plaintiff was not entitled to FMLA leave to care for her brother, as caring for siblings is outside the scope of the FMLA).[4]

Regardless, Smith cannot predicate his FMLA leave on caring for his son either, as Smith does not adequately allege that his son had a "serious medical condition."[5] *See Scott v. UPMC,* No. 09CV1475, 2010 WL 3156130, at *3 (W.D. Pa. Aug. 10, 2010), *aff'd*, 435 F. App'x 104 (3d Cir. 2011) ("In proving that [the plaintiff]

---

[4] In the event it was adequately alleged that the mother was, in fact, Smith's spouse, it does not appear in the Amended Complaint that Smith alleges either explicitly or implicitly that he needed FMLA leave to care for her. Rather, it is only alleged that he needed leave to care for his son.

[5] Smith does not refer to his son's emotional state as a "serious medical condition" in the Amended Complaint at all. *See generally,* ECF No. 13. While a plaintiff is not required to use magic words, Smith does allege that the mother of the child had a "serious medical condition," so it appears Smith is drawing a distinction between their conditions as well. *Id.* at ¶ 13.

9

had a 'right to FMLA benefits,' it is essential that plaintiff demonstrate a 'serious health condition' as defined in the FMLA) (citing *Schaar v. Lehigh Valley Health Serv., Inc.*, 598 F.3d 156, 158 (3d Cir.2010)).

In the Amended Complaint, Smith alleges he needed to provide care for his son because the son was "emotionally distressed and temporarily incapable of self-care" after his mother was hospitalized and needed Smith's help to be "stabilized." ECF No. 13 at ¶¶ 15-16. These allegations do not meet either criterion of a "serious health condition." 29 U.S.C.A. § 2611(11)(A)-(B). First, Smith does not allege his son required any type of inpatient care. 29 U.S.C.A. § 2611(11)(A). *See also*, ECF No. 13. Second, Smith does not allege that his son required continuing treatment by a healthcare provider. 29 U.S.C.A. § 2611(11)(B). *See also*, ECF No. 13. Under the FMLA, to constitute continuing treatment, the son must have received either treatment two or more times by a healthcare provider during the first thirty days of incapacity or treatment by a healthcare provider that resulted in a regimen of continuing treatment. 29 CFR § 825.115(a)(1)-(2). Additionally, the son could be qualified under the "continuing treatment" standard if he had a chronic or permanent condition. 29 CFR § 825.115(a)(3)-(4). *See also Darst v. Interstate Brands Corp.,* 512 F.3d 903, 911 (7th Cir. 2008) ("Under the FMLA, however, 'treatment' is a defined term that does not include actions such as calling to make an appointment. Treatment would include examinations to determine if a serious health condition exists and evaluation of the condition"). Smith alleges neither.

The Amended Complaint is devoid of any mention of continuing treatment for

his son. Without more detail, Smith's allegations as to his son's emotional distress are conclusory and do not sufficiently allege a serious health condition. *See Honauer v. N. Jersey Truck Ctr.*, 19-CV-8947, 2020 WL 5422824, at *5 (D.N.J. Sept. 10, 2020) (granting motion to dismiss FMLA claim because complaint was devoid of allegations of serious health condition, and plaintiff only included details about overnight hospital stay, prescriptions, therapy, doctors' visits, and tests in the opposition brief); *Hefflefinger v. Superpetz*, LLC, 1:08-CV-1125, 2008 WL 4616789, at *3 (M.D. Pa. Oct. 16, 2008) (dismissing FMLA claim at the motion to dismiss stage because a "serious health condition is not alleged in the complaint"). Without more, the FMLA claim is deficient.

Additionally, he alleges that the son's issue is "temporary," which also does not meet the threshold for a "serious medical condition" because the FMLA "is not intended to cover short-term conditions for which treatment and recovery are very brief." *Scott*, 2010 WL 3156130, at *4 (citing S.Rep. No. 103–3 at 30 (1993), reprinted in 1993 U.S.C.C.A.N. 3, at pp. 30–31). *See also Wilson v. Aerotek,* Inc., No. 1:14-CV-578, 2018 WL 11414960, at *7, n. 4 (M.D. Pa. Mar. 8, 2018), *report and recommendation adopted,* No. 1:14-CV-00578, 2018 WL 11415267 (M.D. Pa. Aug. 31, 2018) (saying at summary judgment it "is not difficult to appreciate that Wilson's mother was grieving and struggling in the days leading up to and following her husband's death, but it is difficult to discern from the record whether there is in fact evidence that would qualify her as suffering from a 'serious health condition'") (dicta); *DeLeon v. Teamsters Loc. 802, LLC*, No. 20-CV-24, 2021 WL 1193191, at *14

(E.D.N.Y. Mar. 29, 2021) ("[A]lthough the complaint specifically alleges that DeLeon's mother has 'serious medical conditions,' that allegation is entirely conclusory and must be disregarded upon this motion to dismiss").

As Smith's Amended Complaint cannot meet this threshold issue of a qualifying reason for FMLA leave, the Court does not address the remaining factors of an FMLA interference claim. Therefore, the Court respectfully recommends that Giant Eagle's Motion to Dismiss Smith's FMLA interference claim as it relates to a denial of benefits be GRANTED. However, given that it is possible Smith could sufficiently allege an FMLA-qualifying reason, it is also respectfully recommended that Smith be given leave to amend his complaint to cure these deficiencies if he can do so in good faith.

### 2. FMLA Interference – Failure to Advise

Smith next alleges that Giant Eagle was put on notice of facts, namely that he needed leave to care for his son while the mother was hospitalized, which suggested he was entitled and/or eligible for FMLA leave. ECF No. 13 at ¶ 40. According to Smith, Giant Eagle failed to follow FMLA regulations and provide him with the required eligibility notice under § 825.300(b)(2), the rights and responsibilities notice under § 825.300(c)(1), and the designation notice under § 825.300(d)(1) which all make up the FMLA interference claim. *Id.*; ECF No. 18 at 6-8. Giant Eagle argues in opposition that the employers' notice requirements are predicated "on an actual request for FMLA leave," which Smith did not make as he requested time off "due to the hospitalization of his son's mother." ECF No. 19 at 4

(quoting ECF No. 13 at ¶ 75). As with his other FMLA claim, since Smith does not adequately allege in his Amended Complaint that he requested leave for an FMLA-qualifying reason, it is respectfully recommended Giant Eagle's motion to dismiss his failure to advise claim be GRANTED.

To establish a failure-to-advise claim, the employee must show: (1) he was entitled to FMLA benefits; (2) the employer interfered with them; and (3) the employee was prejudiced by the failure to advise. *Morgenfruh v. Larson Design Grp., Inc.*, No. 4:18-CV-00021, 2019 WL 4511711, at *6 (M.D. Pa. Sept. 19, 2019), *aff'd*, 826 F. App'x 141 (3d Cir. 2020).[6] An employee is prejudiced when his employer's failure to advise makes him unable to exercise his FMLA rights in a "meaningful way, thereby causing injury." *Conoshenti v. Pub. Serv. Elec. & Gas Co.,* 364 F.3d 135, 143 (3d Cir. 2004).

In failure to advise claims, when, as here, a plaintiff is "not entitled to FMLA leave, his interference claim must fail." *Isley v. Aker Philadelphia Shipyard, Inc.*, 275 F. Supp. 3d 620, 634 (E.D. Pa. 2017). *See also Jones v. Metro. Water Reclamation Dist. of Greater Chicago*, No. 17 C 5879, 2018 WL 150852, at *5 (N.D. Ill. Mar. 27, 2018) ("[T]here can be no interference if [plaintiff] had no right to FMLA leave.") (citing *Darst*, 512 F.3d at 910). *See also Brown v. Pitt Ohio Exp., LLC*, No. 12 C 2420, 2013 WL 5221483, at *4 (N.D. Ill. Sept. 16, 2013) (interference

---

[6] Smith attempts to argue that violations of the FMLA notice requirements are strict liability. ECF No. 18 at 8. However, "an FMLA interference claim is not a strict liability statute." *Sterrett v. Giant Eagle, Inc.*, No. CV 14-235, 2016 WL 3166268, at *9 (W.D. Pa. Apr. 27, 2016), *report and recommendation adopted*, No. CV 14-235, 2016 WL 3136905 (W.D. Pa. June 6, 2016), *aff'd*, 681 F. App'x 145 (3d Cir. 2017) (quoting *Delp v. Rolling Fields, Inc.*, No. CIV.A. 10-285, 2012 WL 3144050, at *13 (W.D. Pa. Aug. 1, 2012)). In order to allege an FMLA interference claim based on a failure to advise, the Plaintiff must allege all three elements. *See Morgenfruh*, 2019 WL 4511711, at *6

claim based on failure to advise failed where employee was not entitled to right under the FMLA).

As discussed above, the Amended Complaint does not properly allege Smith was seeking FMLA-qualifying leave. *Muns v. Camden Cnty. Bd. of Soc. Servs.*, No. CV 17-00587, 2019 WL 3214172, at *8 (D.N.J. July 17, 2019) (stating on summary judgment because plaintiff "was not medically qualified to take any FMLA . . . there were no rights" the employer could interfere with). Smith's FMLA interference claim based on a failure to advise must be dismissed.

The Amended Complaint also does not allege that Giant Eagle's failure to provide him the notice paperwork made him unable to exercise his FMLA rights in a meaningful way. *See generally,* ECF No. 18. He does not allege that his FMLA claim would have benefited from additional action by Giant Eagle. *See Isley*, 275 F. Supp. 3d at 634. Instead, Smith only alleges that he would have made alternative arrangements for childcare. ECF No. 18 at ¶ 25.

As Smith's Amended Complaint cannot meet this "threshold" issue of an FMLA-qualifying reason for leave, the Court does not address the remaining elements of the claim. The Court respectfully recommends that Giant Eagle's Motion to Dismiss Smith's FMLA interference claim based on a failure to advise be GRANTED. It is also respectfully recommended that Smith be granted leave to amend his complaint to correct the deficiencies in pleading an FMLA-qualifying

14

reason for leave, should he be able to do so in good faith.

### ii. FMLA Retaliation

Smith also brings an FMLA retaliation claim against Giant Eagle for terminating him for his absences related to caring for his son. ECF No. 13 at ¶¶ 75-78. Smith's FMLA retaliation claim fails for the same reason his FMLA interference claims fail – the Amended Complaint does not adequately allege Smith was requesting FMLA-qualifying leave.

To bring an FMLA retaliation claim, a plaintiff must allege: (1) he invoked the right to FMLA-qualifying leave, (2) he suffered an adverse employment decision, and (3) the adverse action was causally related to his invocation of rights. *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301–02 (3d Cir. 2012). As with the FMLA interference claim, Smith must establish that he had a right to FMLA benefits in the first instance – namely, that he requested leave for a "serious medical condition." *Scott*, 2010 WL 3156130, at *3 (W.D. Pa. Aug. 10, 2010). *See also Snyder*, 2021 WL 3493512, at *3 ("While the elements of a prima facie case of FMLA retaliation and interference differ, they share a common element: the employee must have been entitled to FMLA leave"); *Blake*, 2022 WL 17250561, at *3 ("Plaintiff alleges both an interference and retaliation claim. Under both claims, Plaintiff must show that he was entitled to FMLA-qualifying leave"). He has not alleged as much here.

Smith does not adequately allege he requested leave for an FMLA-qualifying reason, as he neither alleges the son's mother was his "spouse," nor that his son had

15

a serious medical condition. ECF No. 13 at ¶¶ 13-18. *See also Rynders*, 650 F.3d at 1195 ("FMLA benefits are contingent upon the employee having "a serious health condition that makes [him] unable to perform the functions of [his] position.").

Since Smith cannot show that he invoked the right to FMLA-qualifying leave, he cannot meet the first, threshold element of an FMLA retaliation claim. It is respectfully recommended that Giant Eagle's Motion to Dismiss Smith's FMLA retaliation claim GRANTED. However, as with his FMLA interference claims, it is respectfully recommended that Smith be granted leave to amend his complaint to cure these deficiencies, should he be able to do so in good faith.

### III.  Conclusion

Based on the above, it is respectfully recommended that Giant Eagle's Motion to Dismiss Smith's FMLA interference claim (Count II) and FMLA retaliation claim (Count III) be granted. It is also respectfully recommended that Smith be given leave to amend his complaint to cure the deficiencies in pleading an FMLA-qualifying reason for leave, should he be able to do so in good faith.

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the District Court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation, or by **October 30, 2025**. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

DATED this 16th day of October, 2025.

>BY THE COURT:
>
>s/Christopher B. Brown
>United States Magistrate Judge

CC:    Hon. Nora Barry Fischer
        Senior United States District Judge

        All counsel of record, *via ECF*